UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLON JOHNSON | CIVIL ACTION |
| VERSUS | NO. 12-2867 |
| MICHAEL ALLEN ET AL. | SECTION "H"(2) |

**ORDER AND REASONS ON MOTION**

Plaintiff, Carlon Johnson, originally filed this suit for damages in the Civil District Court for the Parish of Orleans ("CDC") in July 2012 against defendants, Michael Allen and SunTrust Bank ("SunTrust"). Johnson seeks damages for Allen's allegedly fraudulent endorsement of several checks that were made out to Johnson, not to Allen, and for SunTrust's alleged negligence in accepting for deposit and cashing the three checks.

SunTrust removed the action to this court on November 30, 2012, based solely on diversity of citizenship jurisdiction. Johnson is a Louisiana citizen and SunTrust is a state-chartered bank formed under the laws of Georgia with its principal place of business in Georgia. Plaintiff's state-court petition alleges that defendant Allen, like plaintiff himself, is a Louisiana resident. Petition, Record Doc. No. 1-3, at p. 5. SunTrust argued in its Notice of Removal that Johnson had improperly joined Allen as a defendant to defeat diversity jurisdiction. SunTrust argues that plaintiff knew before he filed the instant lawsuit in 2012 that Allen had died in 2008. SunTrust contended in its Notice of Removal that removal is proper because the citizenship of a deceased person is not taken into account when determining diversity. Notice of Removal, Record Doc. No. 1 at ¶ 11.

On December 11, 2012, plaintiff filed a motion to supplement and amend his petition to name as an additional defendant Ma-Kel Enterprises, L.L.C. ("Ma-Kel"), a Louisiana limited liability company domiciled in Harvey, Louisiana. Record Doc. No. 11. Plaintiff states in his memorandum that Allen was an officer and the registered agent of Ma-Kel. The proposed new defendant, like Johnson himself, is a Louisiana citizen for diversity purposes. Thus, allowing Johnson to amend his petition to add Ma-Kel as a defendant would destroy this court's sole basis for subject matter jurisdiction. Johnson asserts that he did not become aware of Ma-Kel's involvement in the transactions at issue until November 30, 2012, six (6) weeks ago, when SunTrust attached to its Notice of Removal copies of two deposit tickets that evidence the deposit of at least one of the fraudulently endorsed checks into Ma-Kel's account. <u>See</u> Record Doc. No. 1-3 at pp. 41- 42.

SunTrust filed a timely memorandum in opposition to plaintiff's motion. Record Doc. No. 13. Defendant contends that Johnson unduly delayed in moving to amend his petition because SunTrust originally attached the two deposit tickets to an affidavit in support of its peremptory exception of prescription, which was filed in state court on October 16, 2012. Six weeks later, the deposit tickets were attached to SunTrust's Notice of Removal as part of the state court pleadings that were filed in this court, as required by 28 U.S.C. § 1446(a) and Local Rule 3.2. Citing the factors articulated in <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir. 1987), SunTrust argues that (1) plaintiff's

amendment is designed to defeat diversity jurisdiction, (2) he has been dilatory in seeking to add Ma-Kel two months after he learned of Ma-Kel's involvement via the deposit slips that were attached to defendant's exception of prescription, (3) Johnson would not be significantly injured if joinder is not allowed because his claims are time-barred and (4) SunTrust has a compelling interest in maintaining the federal forum after removal.

Johnson received leave to file a reply memorandum. Record Doc. Nos. 15, 17. For the following reasons, I disagree with SunTrust and grant plaintiff's motion to amend his petition.

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Because the policy of Rule 15 is to permit liberal amendment of pleadings in the absence of substantial prejudice to defendants that cannot be cured by other means, Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981), Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy, 660 F.2d at 597-98). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th

Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling, 234 F.3d at 873 (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 F. App'x 366, 367 (5th Cir. 2010). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" In Re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)) (footnote omitted).

However, when an amendment after removal from state court would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies. Section 1447(e) vests broad discretion in the trial court by expressly providing the following choice: "the court may deny joinder, or permit joinder and remand the action to the State court." (Emphasis added). The language of Section 1447(e) is entirely permissive. Exercise of this discretion depends upon application of the factors enunciated by the Fifth Circuit in

Hensgens and approved in Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1029 n.11 (5th Cir. 1991), to determine whether the proposed amendment should be permitted. I find that application of the Hensgens factors in this case establishes that the motion to amend should be granted.

The first Hensgens factor is the extent to which joinder of a non-diverse party is sought to defeat federal jurisdiction. It is clear from both plaintiff's original filing decision and his currently pending motion to remand, Record Doc. No. 7, that he prefers to pursue this litigation in state court. SunTrust argues that the timing of plaintiff's motion indicates that his motive is to defeat diversity jurisdiction. The deposit slips showing that at least one check had been deposited to Ma-Kel's account were attached to SunTrust's exception of prescription, which was filed on October 16, 2012. Although Johnson knew or should have known at that time of Ma-Kel's possible involvement, he did not move to amend his petition until eight weeks later, only eleven days after the action was removed to this court.

Nonetheless, I cannot conclude that plaintiff's principal motivation is to defeat this court's subject matter jurisdiction. It makes legal and practical sense that Ma-Kel should be a defendant when Allen may have been acting as its agent when he allegedly fraudulently endorsed the checks and when Ma-Kel may be liable in damages for the transactions giving rise to plaintiff's claims. A finding of liability is better and more reliably made if all alleged wrongdoers are in the same case and able to defend themselves directly. In addition, there are procedural and discovery advantages available to plaintiff

if the non-diverse party is a defendant rather than merely a non-party witness. Under these circumstances, I cannot find that plaintiff's principal motivation in adding Ma-Kel as a defendant is to defeat federal jurisdiction. Thus, this factor weighs in favor of permitting the amendment.

The second Hensgens factor is whether plaintiff has been dilatory in asking for the amendment. The record establishes that plaintiff has delayed only somewhat in seeking the amendment. This court has not yet issued its standard Rule 16 scheduling order, which ordinarily permits plaintiff 30 days from that date within which timely to amend. Under these circumstances, I cannot conclude that plaintiff has delayed unduly. This factor also militates in plaintiff's favor for permitting the amendment.

The third Hensgens factor is whether plaintiff would be significantly injured if the requested amendment is not allowed. The transactions giving rise to this suit occurred in 2005. SunTrust already filed an exception of prescription in state court, which was denied. It is unclear whether prescription would now bar assertion by Johnson of a new action in state court against the proposed new defendant if the present amendment is denied, thus injuring plaintiff substantially. If Allen is indeed deceased, Ma-Kel may be the only viable defendant on plaintiff's claim of fraudulent endorsement. In addition, considerations of cost and efficiency militate in favor of not requiring plaintiff to prosecute separate claims in two forums when both arise from the same transactions. Thus, Johnson runs substantial risk of significant injury if he is not permitted to add as defendant a party whose actions are

alleged to have caused or contributed to his damages. This factor weighs heavily in favor of permitting the amendment.

The final Hensgens consideration is any other factor bearing on the equities. SunTrust submits that it will be damaged by denial of its choice to litigate in federal court. However, that choice is not as compelling as plaintiff's desire to litigate against all potentially liable defendants in one forum. For all of the reasons discussed above, I find that the equities favor permitting plaintiff's amendment in this case.

For similar reasons, the Rule 15 factors also weigh in favor of permitting the amendment. Neither undue delay nor repeated prior amendments have occurred. The existing parties will not be prejudiced by the amendment, as no Rule 16 order has been entered yet and no trial date has been set. The loss of this court as a forum if the amendment destroys subject matter jurisdiction would not prejudice any party because the state court is available to adjudicate the matter. The fact that the proposed new defendant may have a prescription defense does not render the amendment futile under the Rule 12(b)(6) standard. Prescription is an affirmative defense usually requiring defendant's presentation of evidence on a motion for summary judgment, at trial or otherwise. The state court denied SunTrust's exception of prescription, which makes defendant's argument that all claims against Ma-Kel have prescribed less persuasive. On this record, it cannot be said that the amendment on its face fails to state a claim on which relief may be granted.

Accordingly, because on balance the Hensgens and Rule 15 factors weigh in favor of permitting the amendment, plaintiff's motion to amend is GRANTED. Whether the case should now be remanded from this court to the state court from which it was removed, as provided in 28 U.S.C. § 1447(e), is a matter solely within the province of the presiding district judge, who already has a motion to remand pending before her.

New Orleans, Louisiana, this __16th__ day of January, 2013.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
**HON. JANE TRICHE MILAZZO**