UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARLON JOHNSON | CIVIL ACTION |
| VERSUS | NO. 12-2867 |
| ALLEN, ET AL. | SECTION "H"(2) |

### ORDER AND REASONS

Plaintiff's recent joinder of a non-diverse defendant divests this Court of subject matter jurisdiction.  Therefore, the above-captioned matter is REMANDED to State court pursuant to 28 U.S.C. § 1447(c).

### BACKGROUND

This case arises from the alleged fraudulent endorsement of several checks made payable to Plaintiff Carlon Johnson.  Plaintiff, a Louisiana citizen, originally filed suit in state court against Defendants SunTrust Bank ("SunTrust") and Michael Allen ("Allen").  Suntrust is a Georgia

1

corporation with its principal place of business in Georgia. Allen is a Louisiana citizen.

On November 30, 2012, SunTrust removed the case on the basis of diversity of jurisdiction, alleging that Allen was improperly joined. (R. Doc. 1.) On December 6, 2012, Plaintiff filed a Motion to Remand. (R. Doc. 7.) While the Motion was still pending, Plaintiff moved to amend his state court petition and join Ma-Kel Enterprises, LLC ("Ma-Kel")—a Louisiana citizen—as defendant. (R. Doc. 19.) This Motion was automatically referred to the Magistrate Judge assigned to this case pursuant to Local Rule 72.1(A). On January 16, 2013, the Motion was granted and Ma-Kel was added as a defendant. (R. Doc. 18.)

## LAW AND ANALYSIS

This Court is duty-bound to examine the basis of subject matter jurisdiction *sua sponte*. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331 and § 1332. Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship. *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010) (citation omitted). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McClaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotations and citations omitted). "Once a court permits post-removal joinder of a non-diverse defendant . . . '[t]he court

[loses] subject matter jurisdiction,' and remand is required pursuant to 28 U.S.C. § 1447(e)."[1]

*Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (alterations in original) (quoting *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 678 (5th Cir. 1999)).

For purposes of diversity jurisdiction, Ma-Kel is a Louisiana citizen. (*See* R. Docs. 18; 19; 13, Ex. A.)[2] Plaintiff's joinder of a non-diverse defendant divests this Court of subject matter jurisdiction.

## CONCLUSION

For the reasons previously stated, the above-captioned matter is hereby REMANDED to State court.

New Orleans, Louisiana, this 18th day of March, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

[2] *See further Harvey v. Grey Wold Drilling Co.*, 542 F.3d 1077, 1081 (5th Cir. 2008) (holding that "the citizenship of a LLC is determined by the citizenship of all of its members") (citations omitted).